IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN J. YOUNGER, *
    Plaintiff
                                                          *
    v.                                                  Civil Action No. ELH-13-1191
                                                          *
ODESSA SPRUILL, et al.,
    Defendants *
******

**<u>MEMORANDUM</u>**

In this action instituted under 42 U.S.C. § 1983, plaintiff Kevin Younger, who is self-represented, alleges that his constitutional rights were violated by defendant Odessa Spruill, a private citizen and plaintiff's aunt, who allegedly improperly identified him as the perpetrator of an armed robbery in Baltimore County. Plaintiff further claims that Baltimore County Detective K. Marsteller and prosecutors John Magee and Gerald Collins improperly filed charges against him when Spruill's identification was not certain. ECF No. 1. Plaintiff is awaiting trial on the charges.[1] He seeks dismissal of the charges and a monetary award. Because he appears indigent, plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) shall be granted, pursuant to 28 U.S.C. § 1915(a). But, for the reasons set forth below, the court concludes that dismissal of the case is appropriate.

Maryland's States Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative functions. *See Imbler v. Pachtman*, 424 U.S. 409 (1976). Absolute immunity is designed to protect the judicial process. Thus, the inquiry is whether a prosecutor's actions are closely associated with the judicial process. *See Burns v. Reed*, 500 U.S. 478 (1991). The decision as to "whether and when to prosecute" is "quasi-judicial." Therefore, defendants Magee and Collins enjoy absolute immunity.

*See Lyles v. Sparks*, 79 F.3d 372 (4th Cir. 1996). As such, plaintiff's complaint against them cannot proceed.

Plaintiff's claim against Detective Marsteller is premature. Plaintiff alleges that Marsteller acted improperly in bringing charges against him. In *Heck v. Humphrey*, 512 U. S. 477, 487 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned, and complaints containing such claims must therefore be dismissed, without prejudice. Put another way, plaintiff's claims for damages cannot be entertained by this court until his state criminal trial has concluded. In the event that the state courts agree with plaintiff's assessment of the events surrounding his arrest and, as a result, he is acquitted of the charges against him, or in the event of conviction he is able to successful overturn his conviction, he may re-file his constitutional claim for damages at that time. Accordingly, the complaint against Detective Marsteller will be dismissed, without prejudice.

In order to assert successfully a claim of violation of constitutional rights, the defendant must be a state actor. Specifically, the persons charged with the civil rights violation must be a state official; someone who has acted with a state official; someone who has obtained significant aid from a state official; or someone whose conduct is somehow attributable to the state. Odessa Spruill is not a state official, nor does the conduct described by plaintiff have the imprimatur of official conduct.

In limited circumstances, however, seemingly private conduct can be the subject of a §1983 suit. The Fourth Circuit has " recognized four exclusive circumstances under which a private party can be deemed to be a state actor: (1) when the state has coerced the private actor to commit an act

---

[1] *See* http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis

that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *DeBauche v. Trani*, 191 F. 3d 499, 507 (4th Cir. 1999). None of the acts or conduct alleged by plaintiff in his complaint fall within these four categories of conduct. "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir.1993). Accordingly, plaintiff's civil rights claims against Spruill must be dismissed.

To the extent plaintiff's pleading is construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C §2254, the petition is premature. Under 28 U.S.C. § 2254(a), federal courts have jurisdiction to entertain applications for habeas corpus only if the petitioner is "in custody" pursuant to a state court judgment in violation of laws, treaties, or the Constitution of the United States. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Petitioner, challenging his pretrial detention, is not in custody pursuant to a state court judgment and as such is not entitled to relief under § 2254.

Moreover, under *Rose v. Lundy*, 455 U.S. 509, 518 (1982), before a petitioner may file a petition seeking habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b) and (c). This may be accomplished by proceeding either on direct appeal and/or in a post-conviction petition.

Given that petitioner has not yet been tried, petitioner has not exhausted all of his available state court remedies. Since petitioner's claims have not yet been exhausted in the state courts, his petition for habeas corpus relief shall be dismissed, without prejudice, in order to allow petitioner to continue to pursue his state court remedies. Both comity and judicial efficiency make it appropriate for this court to insist on complete exhaustion before it addresses the issues raised by the petitioner. *See Granberry v. Greer*, 481 U.S. 129, 135 (1987).

To the extent that petitioner seeks this Court's immediate intervention in his state court criminal proceedings, the Court declines to act. Federal courts do not interfere in ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances not shown here. *See Younger v. Harris,* 401 U.S. 37, 41 (1971); *Gilliam v. Foster*, 75 F. 3d 881, 903 (4th Cir. 1996); *Cinema Blue of Charlotte, Inc., v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989) (district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims have been or could have been presented in an ongoing state judicial proceeding). This rule requires abstention when i) state proceedings, judicial in nature, are pending; ii) the state proceedings involve important state interests; and iii) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Commission v. Garden State Bar Association,* 457 U.S. 423, 432 (1982). Federal injunctive relief may not be used to test the validity of an arrest or the admissibility of evidence in a state proceeding. *See Perez v. Ledesma*, 401 U.S. 82, 83085 (1971).

In light of the foregoing, this case shall be dismissed. A separate Order follows.

July 1, 2013  /s/
Date  Ellen Lipton Hollander
 United States District Judge